**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN SANTIAGO BARRERO RICO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03480-SHL-atc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 2, 2026, pro se Petitioner Kevin Santiago Barrero Rico filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2] (ECF No. 2.) He challenges the constitutionality and legality of his continuous ICE custody. (Id. at PageID 5–6.) Petitioner states that he came to the United States on April 2, 2022, and has lived in Memphis with his wife and son since. (Id. at PageID 3–4.) ICE detained him on November 21, 2025. (Id. at PageID 1.) He is held at the West Tennessee Detention Facility. (Id. at PageID 4.) He seeks, among other things, an individualized bond hearing before an immigration judge, or immediate release.

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Facility Administrator of the West Tennessee Detention Facility, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

[2] Along with the Petition, Petitioner filed an Emergency Motion for Temporary Restraining Order. (ECF No. 3.) To the extent that motion seeks a stay of Petitioner's transfer out of this District, and an order requiring Respondent to respond to the Petition, the motion is **GRANTED**.

(Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order (ECF No. 5)** to the United States Attorney for the Western District of Tennessee at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner shall file a reply after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 3rd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE